## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DAVID B. LINDNER,
PATRICIA S. MAZZEI LINDNER, and
JAMES CAMBRIDGE,
      Plaintiffs,

vs.

Case No.
HON.

LAKERIDGE CONDOMINIUM
ASSOCIATION, a Michigan
non-profit corporation, and
MICHIGAN CONDOMINIUM
MANAGEMENT, a Michigan corporation,
      Defendants.

_____

John A. Obee (P29216)
WOOD, KULL, HERSCHFUS, OBEE & KULL
Attorneys for Plaintiffs
37000 Grand River Avenue, Suite 290
Farmington Hills, MI 48335
(248) 476-2000

_____

## COMPLAINT

NOW COME Plaintiffs, David B. Lindner, Patricia S. Mazzei Lindner and James

Cambridge, by and through their attorneys, Wood, Kull, Herschfus, Obee & Kull, and for their

Complaint against Defendants, state the following:

## PRELIMINARY STATEMENT

1.      Plaintiff, David B. Lindner, a medical doctor, is a handicapped/disabled person,

suffering from a severe, life-threatening heart condition that not only affects him physically, but

emotionally and psychologically as well.

2.      Plaintiff, Patricia S. Mazzei Lindner, is David Lindner's wife and is his primary

caregiver and his support concerning his life-threatening condition.

3.     Because of his condition, both physical and psychological, residing with the Lindners is a cat named "Vinnie" who acts as a

service care animal, providing emotional support for Dr. Lindner in order for him to be able to live and enjoy as normal a life as possible with his handicap/disability.

4.     Dr. Lindner's psychologist, Dr. Rebecca A. Mair, PhD, has provided medical support for Dr. Lindner's need to have his service care animal continue to live with him.

5.     On May 6, 2009, Plaintiffs David and Patricia Lindner sought to rent the condominium unit owned by Plaintiff, James Cambridge, located at 34736 Jefferson, Harrison Township, which condominium unit is located in Defendant Lakeridge Condominium Association.

6.     In May 2009, Plaintiff, James Cambridge, presented the Board of Directors of the Condominium Association (with a representative of Defendant Michigan Condominium Management present) with information concerning the Lindners' interest in leasing his unit in the Condominium Association.  Plaintiff, James Cambridge, advised the Board that Dr. Lindner was a handicapped/disabled person and requested an accommodation for Dr. Lindner for his service care animal, in light of the Association's no pet policy.

7.     Although Defendant Association and Defendant Management Company have never formally responded to Plaintiffs' request for an accommodation, by their collective actions they have effectively rejected the request for accommodation by sending a series of letters to Plaintiff, James Cambridge, assessing fines against Plaintiff Cambridge for the Lindners keeping a "cat in their unit" and threatening to have the service care animal removed from the complex.

8.     Defendants' collective actions in refusing to make a reasonable accommodation in rules, policies, practices and services that are necessary because of Dr. Lindner's disability, which

2

failure to reasonably accommodate deprives Dr. Lindner of his right of equal opportunity to use and enjoy a dwelling, has caused increased and greater anxiety for him and for his primary care giver, Plaintiff, Patricia Lindner. These actions of Lakeridge Condominium Association and Michigan Condominium Management constitute discrimination on the basis of handicap and disability in violation of the Federal Fair Housing Act, 42 U.S.C. §3601 and the Michigan Civil Rights statutes, as detailed below.

## JURISDICTION AND VENUE

9. This action if one of housing discrimination arising under the Federal Fair Housing Act, as amended, 42 U.S.C. §3601; and the Michigan Persons With Disabilities Civil Rights Act MCL 37.1101, for declaratory judgment, injunctive relief, and damages.

10. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331.

11. Pendent jurisdiction of the Michigan Persons With Disabilities Civil Rights Act is conferred upon this Court by 28 U.S.C. §1367.

12. Venue lies within the Eastern District of the State of Michigan.

## STATEMENT OF FACTS

13. Plaintiff, David Lindner, is a talented, accomplished doctor of medicine, who has been unable to practice his profession because of his life-threatening heart condition, which has led him to be found to be totally disabled for purposes of the Federal Social Security Administration.

14. Because of the gravity of his condition, he needs care and treatment on a regular day-to-day basis, which care is provided for him by his wife, Plaintiff, Patricia S. Mazzei Lindner.

3

15.     In addition to the care that his wife provides, the Lindners' cat, Vinnie, provides significant emotional support and care for Dr. Lindner to enjoy the normal aspects of living, including housing, and Vinnie constitutes a service care animal for Dr. Lindner.

16.     The fact that Vinnie provides emotional and psychological support for Dr. Lindner is supported by Dr. Lindner's psychotherapist, Dr. Rebecca A. Mair, with whom Dr. Lindner has treated.  In his quest to obtain the housing which is at issue in this litigation, Dr. Mair has provided medical support for Dr. Lindner's need to have Vinnie continue to live with him and his wife, "due to recent life-threatening medical issues and the attachment to his pet, which has no doubt provided a source of comfort." (See **Exhibit A** attached, a letter by Dr. Mair to Plaintiff James Cambridge in support of a request for reasonable accommodation of the Lakeridge Condominium Association).

17.     In the spring of 2009, Plaintiff Lindners had need to find new housing accommodations and became aware that a unit at Lakeridge Condominium Association, which was owned by Plaintiff, James Cambridge, was available for rent.  The unit is located at 34736 Jefferson.

18.     The Lindners met with Mr. Cambridge, were shown the unit and were interested in leasing the unit, because it corresponded to their needs and their financial situation.

19.     In the course of their discussions with Mr. Cambridge, the Lindners advised Plaintiff Cambridge of Dr. Lindner's medical condition and the fact that they would want to have their cat continue to live with them, because of the support that cat provided Dr. Lindner for his medical condition.

20.     Plaintiff Cambridge was at all times aware that the Lakeridge Condominium Association had adopted a "no pet" policy during the current decade.

4

21.     However, being aware that the cat was more than just a pet, but was a service care animal, Plaintiff Cambridge believed that the Association and the Management Company would create an exception for Dr. Lindner and would provide a reasonable accommodation for Dr. Lindner's needs, because of his handicap/disability.

22.     Plaintiff, James Cambridge, advised the Lindners to provide him with medical support for the need for the service care animal to continue to live with them, which they did in the form of **Exhibit A** from Dr. Mair, and he indicated that he would present the doctor's letter, along with leasing information concerning the Lindners to the Board of Directors, believing in good faith that the Board would accommodate Dr. Lindner's needs for his service care animal. Plaintiff Cambridge's belief in the good faith of the Board and its management company proved totally wrong.

23.     At the May 21, 2009 Board of Directors' meeting of Defendant Condominium Association, with the President of Defendant Michigan Condominium Association Ronald Cubba present, Plaintiff Cambridge presented information concerning the Lindners as the new renters of his unit and provided Defendant Association and Defendant Management Company with the medical documentation (**Exhibit A**) in support of Dr. Lindner's need for a reasonable accommodation. (See **Exhibit B** meeting minutes of the Condominium Association dated May 21, 2009).

24.     Of importance, this request by Plaintiff Cambridge on behalf of his disabled tenant was not the Defendant Association's and Defendant Management Company's first knowledge of the need to reasonably accommodate persons with disabilities, as the Board minutes reflect under "Old

5

Business" a request for accommodation by another resident of the Condominium Association for an exemption from the pet policy, based upon medical reasons, a request that had been pending for "years."

25.     When Plaintiff Cambridge did not hear a response from the Board concerning the tenant information, which was not unusual as in the past the Board has not advised him about his renters, he advised the Lindners that he believed that the Board had approved their rental and the Lindners moved into the unit in June of 2009, along with Vinnie.

26.     Shortly after moving in and with the Board and Defendant Management Company never having specifically responded to the Lindners' and Mr. Cambridge's request for a reasonable accommodation, Mr. Cambridge began to receive a series of Notices from Defendant Management Company that his renters had a cat in their unit and such cat was in violation of Lakeridge Condominium Association's Bylaws and Rules and Regulations. The first Notice sent on June 9, 2009 constituted a written warning (See **Exhibit C** attached), which was followed by a "Second Violation Notice" and a $50.00 fine on June 22, 2009 (See **Exhibit D**) which in time was followed by a Notice of Third Violation (See **Exhibit E**) dated July 13, 2009.

27.     After receiving the Second Violation Notice on June 29, 2009, Plaintiff Cambridge sent correspondence to Defendant Association and Defendant Management Company with the following inquiry:

> "Do the recent communications I have received about fines mean that
> the Board has rejected the request for pet accommodation I presented
> at the May 21st meeting?"

(See **Exhibit F** attached).

6

28.     Rather than respond to Mr. Cambridge's inquiry, and with malice and intent to do harm to a disabled person, Defendant Association in concert with Defendant Management Company, sent **Exhibit E** to Mr. Cambridge followed by a Notice of Fourth Violation, dated August 14, 2009, threatening to remove the service care animal from the complex. (See **Exhibit G**).

29.     The actions of Defendants Lakeridge Condominium Association and Michigan Condominium Management Association are willful and wanton, in direct violation of their duties and obligations under federal and state law about which they are fully aware, and threaten both the physical and emotional health of Dr. Lindner, a handicapped/disabled person, the emotional health of his wife, his primary care giver, due to her association with a handicapped/disabled person, and threaten the emotional and financial well-being of Plaintiff James Cambridge because of his association with a handicapped/disabled person and his attempts to assist that handicapped/disabled person in exercising his rights under the law.

## INJURIES SUFFERED BY PLAINTIFF LINDNERS AND PLAINTIFF CAMBRIDGE

30.     In doing the acts or in omitting to act as alleged in this Complaint, each employee or officer or attorney of Michigan Condominium Management Association and the members of the Board of Directors of Lakeridge Condominium Association were acting in the course and scope of their actual or apparent authority pursuant to such agencies, or the alleged acts or omissions of the Board of Directors of Lakeridge Condominium Association and each employee or officer or attorney as agent were subsequently ratified and adopted by the Michigan Condominium Management Association as principals.

7

31.     Defendant Association and Defendant Management Company knew that Dr. Lindner has a disability and acted intentionally, maliciously, wantonly, recklessly, and in bad faith as described herein. As persons associated with a person with a disability , Dr. Lindner's wife and Mr. Cambridge are entitled to recover punitive damages in an amount to be established at trial.

32.     Dr. Lindner and his wife have suffered, and are continuing to suffer, damages as the result of Defendant Association and Defendant Management Company's actions as Defendant Association and Defendant Management Company have intruded into their private affairs.

33.     As a proximate result of Defendant Association's and Defendant Management Company's conduct, the Plaintiffs Lindners have suffered, are continuing to suffer, and will in the future suffer irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional and physical distress, and a deprivation of their rights to equal housing opportunity. Therefore, they are entitled to the relief requested herein.

34.     Plaintiffs Lindners and Plaintiff Cambridge have no adequate remedy at law. They are now suffering and will continue to suffer irreparable injury from Defendant Association's and Defendant Management Company's acts and their pattern or practice of discrimination on the basis of disability unless relief is provided by this Court. Accordingly, they are entitled to injunctive relief.

35.     There now exists an actual controversy between the parties regarding Defendant Association's and Defendant Management Company's duties under the following state and federal laws. Accordingly, the Plaintiffs Lindners and Plaintiff Cambridge are entitled to declaratory relief.

8

## COUNT I

## VIOLATION OF THE FAIR HOUSING ACT (42 U.S.C. §3604 *et seq.)*

36.     Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 35 above.

37.     Plaintiff David Lindner is handicapped within the meaning of the Fair Housing Act ("FHA"), 42 U.S.C. §3602()h) because, as alleged herein, he has an impairment which substantially limits one or more major life activities.

38.     By virtue of their association with Plaintiff David Lindner, Plaintiffs Patricia Lindner and James Cambridge have suffered injuries because of the discriminatory acts of Defendant Association and Defendant Management Company.

39.     Defendant Association and Defendant Management Company injured Plaintiffs in violation of the FHA by:

i.      Discriminating in the sale and/or rental of, or otherwise making unavailable, a dwelling because of handicap, in violation of 42 U.S.C. § 3604(f)(1);

ii.     Discriminating in the terms, conditions, or privileges of a sale and/or rental of a dwelling because of a handicap, in violation of 42 U.S.C. § 3604(f)(2); and

iii.    Refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations were necessary to afford Plaintiffs equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B).

iv.     As to Plaintiff James Cambridge, by sending the notices of the fines and by threatening to have the service animal removed from the premises, Defendant Association and Defendant Management Company have unlawfully coerced, threatened or interfered on account of

9

his having aided or encouraged Dr. Lindner in the exercise and enjoyment of his rights guaranteed by 42 USC§3604. This action constitutes an additional violation of 42 USC§3617.

        v.      Specifically, in enforcing a "no pet" rule, refusing to grant the request for reasonable accommodation, Defendant Association and Defendant Management Company have discriminated on the basis of handicap.

40.      As a proximate result of Defendant Association's and Defendant Management Company's conduct, the Plaintiffs have been damaged, as set forth above. They have suffered and continue to suffer damages, as alleged herein.

## COUNT II
## VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT (MCL 37.1101).

41.      Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 40 above.

42.      Defendant Association and Defendant Management Company have injured the Plaintiffs in violation of the Michigan Persons With Disabilities Civil Rights Act by:

        i.      Discriminating or otherwise making unavailable dwellings because of disability, in violation of MCL 37.1502(a);

        ii.      Discriminating in the terms, conditions and privileges related to sale or rental, in violation of MCL 37.1502(b); and

        iii.      Refusing to make reasonable accommodations where necessary to afford disabled persons equal opportunity to use and enjoy a dwelling in violation of MCL 37.1506a(b).

10

43.     As a proximate result of Defendant Association's and Defendant Management Company's conduct, the Plaintiffs have been damaged, as set forth above. They have suffered and continue to suffer damages, as alleged herein.

## COUNT III

## CLAIM FOR RELIEF

### Negligence

44.     The Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 43 above.

45.     Defendant Association and Defendant Management Company owed the Plaintiffs a duty to operate the housing program at Lakeridge Condominium Association in a manner that was free from unlawful discrimination, and to hire, train, supervise, and discipline their employees and each other to fulfill that duty. Defendant Association and Defendant Management Company negligently violated that duty by discriminating against the Plaintiffs on account of Plaintiff David Lindner's disability. The ways that Defendant Association and Defendant Management Company violated that duty include, but are not limited to, negligently failing to train their employees and each other regarding the requirements of federal and state fair housing laws, negligently failing to hire persons who were familiar with the requirements of federal and state fair housing laws, negligently failing to supervise employees and agents regarding compliance with state and federal fair housing laws, and negligently failing to discipline or terminate employees who did not comply with the federal and state fair housing laws.

11

46.     As a legal result of Defendant Association's and Defendant Management Company's negligent conduct, the Plaintiffs have suffered mental anguish and emotional distress, and the attendant physical injuries and conditions.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that this Court enter an order:

1.     Accepting jurisdiction of the federal and supplemental state claims pled herein;

2.     Declaring that Defendant Association's and Defendant Management Company's discriminatory practices violate the Fair Housing Act, as amended, 42 U.S.C. § 3601 *et seq.* and the Michigan Persons With Disabilities Civil Rights Act, MCL 37.1101 *et seq.*

3.     Entering preliminary and permanent injunctions directing Defendant Association and Defendant Management Company and their officers, directors, agents, employees, and successors, and all other persons in active concert of participation with them, to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct alleged herein and to prevent similar occurrences in the future;

4.     Awarding monetary damages to the Plaintiffs in an amount to be determined by the trier that would fully compensate them for their injuries sustained because of Defendant Association's and Defendant Management Company's discriminatory housing practices pursuant to 42 U.S.C. § 3613(c)(1) and MCL 37.1101;

5.     Awarding statutory and punitive damages to the Plaintiffs in an amount to be determined by the trier pursuant to 42 U.S.C. § 2613(c)(1);

12

6. Awarding reasonable costs and attorneys fee pursuant to 42 U.S.C. §

2613(c)(2); and

7. Awarding any further relief the Court may deem just and proper.

Respectfully submitted,

WOOD, KULL, HERSCHFUS, OBEE & KULL, P.C.

By: _____ /s/ John A. Obee _____
    John A. Obee (P29216)
    Attorneys for Plaintiffs
    37000 Grand River Avenue, Suite 290
    Farmington Hills, MI 48335
    (248) 476-2000

Dated: August 26, 2009

13